UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR FRANCISCO VILLA, | No. C 13-3311 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| M. SULLIVAN, R.N.; et al., | |
| Defendants. | |

## INTRODUCTION

Cesar Francisco Villa, currently an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Villa alleges in his complaint that defendants have refused to provide needed pain medications to him. He alleges that he "was diagnosed with spinal arthritis (a chronic, painful condition) for which there is no cure" in August 2007. Docket # 1, p. 3. A doctor allegedly prescribed naproxen, an anti-inflammatory medication, to ease the inflamation. On November 7, 2012, nurse Sullivan allegedly "interrupted" the renewal of the prescription for naproxen. Villa further alleges that he saw Dr. Thomas two days later and asked for a renewal of his pain medication, but Dr. Thomas refused. Dr. Venes also allegedly refused to renew his medication prescription the following month. Pelican Bay appeals coordinator J. Torrance allegedly was made aware of Villa's condition, and denied Villa's inmate appeal.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Liberally construed, the complaint states a § 1983 claim for deliberate indifference to Villa's serious medical needs. A claim is stated against defendants nurse M. Sullivan, Dr. L. Thomas, and Dr. D. Venes based on their alleged acts and omissions in refusing to continue the medication prescribed for Villa's chronic medical condition. *See generally Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (plaintiff stated a claim for deliberate indifference where plaintiff's failure to receive prescribed treatment was due to defendant's failure to properly request the treatment and then inexplicable cancellation of a second treatment request); *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc) (summary judgment should not have been granted to defendants where plaintiff presented evidence that prison officials failed and refused to follow doctor's orders for a liquid diet for plaintiff whose mouth had been wired shut

to treat a broken jaw).

A § 1983 claim for deliberate indifference to serious medical needs also is stated against appeals coordinator J. Torrance, who allegedly denied Villa's inmate appeal about the refusal to continue the medication. The potential liability of defendant Torrance is under the Eighth Amendment and is *not* under the Fourteenth Amendment's Due Process Clause. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). If a defendant only denied an inmate appeal about a medical problem that already had occurred and was complete, there would be no liability for a constitutional violation; however, where the problem is an ongoing medical need and the request is made in an inmate appeal to remedy the ongoing problem, liability can be based on the denial of an inmate appeal, just as it could be based on the denial of a verbal request from the inmate. *Cf. Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

**CONCLUSION**

1. The complaint, liberally construed, states cognizable claims under § 1983 for violations of plaintiff's Eighth Amendment rights against defendants Sullivan, Thomas, Venes and Torrance. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants, who apparently are employed at Pelican Bay State Prison:

- M. Sullivan, R. N.
- Dr. L. Thomas
- Dr. D. Venes
- J. Torrance (inmate appeals coordinator)

3. In order to expedite the resolution of this case, the following briefing schedule for

3

dispositive motions is set:

    a. No later than **October 4, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendants file a motion to dismiss for non-exhaustion of administrative remedies, defendants must provide to plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 1, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 15, 2013**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own

4

evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008-09.

5.   All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.   Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.   Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: July 21, 2013                                      _____
                                                          SUSAN ILLSTON
                                                          United States District Judge